UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Action No. 5:06-CR-76-JMH |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION & ORDER** |
| ANTHONY WAY WADE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**         **         **         **         **

The defendant, by counsel, moved to suppress evidence found pursuant to a search warrant executed on July 14, 2005 [Record No. 7]. The government responded [Record No. 10] and the Court held a hearing on August 16, 2006. At the hearing, the Court orally denied the motion. For the reasons stated at the hearing and offered in support herein, the Court denies Defendant's motion.

### I.  Background

Anthony Way Wade ("Wade or Defendant") is charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On July 14, 2005, Wade's residence in Beattyville, Kentucky was searched pursuant to a warrant obtained by Detective Craig A. Burch ("Detective Burch") from District Judge McClanahan, III, in Lee County. When the search warrant was executed, several firearms were discovered in the residence, which form the basis of the indictment in this Court.

The affidavit in support of the search warrant states that a confidential informant ("CI") was working with the Unlawful

Narcotics Investigation Treatment and Education (UNITE) unit to obtain illegal drugs, particularly methadone, from Carl Sparks ("Sparks"). The affidavit states that on July 12, 2005, two days prior to the execution of the warrant, Sparks told the CI and Undercover Detective Ken Spicer ("Detective Spicer") that he would have to take them to Wade's residence to purchase the drugs. The CI was wearing a recording device.

Detective Spicer, the CI, and Sparks then drove to Wade's residence where Detective Spicer gave Sparks $60.00 in marked bills for methadone. Sparks went inside Wade's residence and came back to Detective Spicer and handed him one tablet of methadone. The affidavit states that the affiant, Detective Burch, had previous complaints about Defendant selling narcotics from his residence. The affidavit does not specify from whom Sparks bought the tablet but does conclude that Wade was selling illegal prescription drugs from his residence.

Defendant argues that the search warrant was defective for several reasons. First, he argues that the only thing connecting *him* to the sale of drugs is Sparks's statement to the CI that Sparks could obtain drugs at Defendant's residence. For instance, he argues, the affidavit does not mention from whom Sparks bought the drugs from inside Wade's residence. Defendant notes that when the search was conducted, another individual admitted to selling the drugs to Sparks.

2

Defendant also attacks the credibility of Sparks because the affidavit does not state that Sparks was searched prior to entering his residence, so Sparks could have had the methadone in his pocket prior to entering Defendant's house. Defendant also asserts that the affidavit is devoid of any facts corroborating the reliability of Sparks or the CI. Finally, Defendant maintains that the information in the warrant was stale because the alleged buy occurred two days prior to the issuance of the warrant.

The government counters that the warrant was supported with probable cause and was not stale. In the alternative, the government argues that even if the affidavit is found to be defective, the *Leon* good faith exception applies to cure the warrant's deficiency. *See United States v. Leon*, 468 U.S. 897, 922-23 (1984).

## II. Applicable Law

The Fourth Amendment provides that "no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Probable cause "exists when the facts and circumstances described in the affidavit indicate a 'fair probability' that evidence of a crime will be located on the premises of the proposed search." *United States v. Algie*, 721 F.2d 1039, 1041 (6th Cir. 1983); *Illinois v. Gates*, 462 U.S. 213, 225-243 (1983). The totality of the circumstances must

be assessed to determine whether there is probable cause. *Gates*, 462 U.S. at 230-31. The issuing judge's determination that probable cause existed will be upheld if the affidavit "reveals a substantial basis for concluding that a search of [the defendant's residence] would uncover evidence of wrongdoing." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (internal citations and quotation marks omitted). Because Defendant is contesting the sufficiency of the affidavit, the Court's analysis is restricted to the "four corners of the affidavit." *United States v. Abboud*, 438 F.3d 554, 571 (6th Cir. 2006).

### III.  Analysis

Assessing the affidavit in the instant case it is clear that there was a "substantial basis" for the issuing judge to conclude "that a search of [the defendant's residence] would uncover evidence of wrongdoing." *Davidson*, 936 F.2d at 859. The affidavit states that Carl Sparks told the CI that he could obtain narcotics at Defendant's residence. Detective Spicer, operating undercover, the CI, and Carl Sparks went to Defendant's residence. After receiving the money for the buy, Carl Sparks went inside Defendant's residence and then exited with a methadone tablet that he gave directly to Detective Spicer. Detective Spicer observed the buy. Although Defendant is correct that the affidavit does not name the person from whom Sparks purchased the drugs, this information is not required. *United States v. Pinson*, 321 F.3d

4

558, 564 (6th Cir. 2003) (holding that "an affidavit in support of a search warrant does not need to name or describe the person who sold the drugs or name the owner of the property"); *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978) (holding, "The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought."). Because the affidavit connects a drug buy to Defendant's home, that was observed by an officer, there is a sufficient connection to Defendant's residence and the items sought to be seized. *Pinson*, 321 F.3d at 564.[1]

Defendant's argument concerning the reliability of Sparks and the CI is also without merit. As Sparks was not a confidential informant but instead was an initial target of the investigation, his reliability is not at issue and there was no reason to search

---

[1] In *Pinson*, the court noted,

> In the case at bar, the affidavit describes how within the past 72 hours Officer Mackall sent the confidential informant with pre-photocopied buy money, observed the confidential informant enter and exit 2713 Torbett Street, and recovered the drugs that the confidential informant purchased in the residence. Obviously, this factual evidence links the sale of illegal drugs to the searched premises at 2713 Torbett Street.

*Id.*

him prior to his entering Defendant's home. Further, the affidavit states that the information provided by the CI led the investigation to Carl Sparks, not Defendant. In any event, the information provided by the CI - that narcotics could be obtained from Carl Sparks - was corroborated by Detective Spicer's own observation and participation in the controlled buy, as detailed in the affidavit. *See Gates*, 462 U.S. at 244-45 (holding that corroboration can provide a substantial basis for crediting an informant's hearsay); *United States v. Coffee*, 434 F.3d 887, 894 (6th Cir. 2006) (controlled purchase witnessed by officer corroborated the CI's information about narcotics at a particular address).

Finally, the Court finds that the information in the search warrant was not stale because the controlled drug purchase occurred only two days prior to the issuance and execution of the warrant. *Pinson*, 321 F.3d at 565 (holding, "It is reasonable that *three* days after the drug purchase that police would find narcotics, related paraphernalia, and/or the marked money in the residence.") (emphasis added).[2]

### IV. Conclusion

For the foregoing reasons, the Court finds that the affidavit

---

[2] Because the Court finds that probable cause to search Defendant's residence was apparent on the face of the affidavit, it is unnecessary to analyze whether the warrant should be upheld under the *Leon* good faith exception.

in support of the warrant executed on July 14, 2005 supports the district judge's finding of probable cause to search Defendant's residence. Accordingly, and for the foregoing reasons, **IT IS ORDERED** that Defendant's motion to suppress [Record No. 7] be, and the same hereby is, **DENIED**.

This the 17th day of August, 2006.



Signed By:
*Joseph M. Hood*
United States District Judge